UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KELLY SHATTUCK**<br>**5177 Clareridge Ct.**<br>**Cincinnati, OH 45238** | : <br> : <br> : <br> : | **Case No. 1:21-cv-523**<br><br>**Judge** |
| **Plaintiff,** | : <br> : | |
| v. | : <br> : | |
| **OAK HILLS LOCAL SCHOOL**<br>**DISTRICT**<br>**6325 Rapid Run Rd.**<br>**Cincinnati, OH 45233** | : <br> : <br> : <br> : <br> : | |
| **Defendant.** | : | |

_____

### VERIFIED COMPLAINT AND JURY DEMAND
_____

Now comes Plaintiff Kelly Shattuck, who for her Verified Complaint against Oak Hills Local School District, states as follows:

### I. PRELIMINARY STATEMENT

1. This action arises under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Ms. Shattuck, an employee of Defendant, alleges that Defendant is interfering with her rights under the Rehabilitation Act and the Americans with Disabilities Act by denying her a reasonable accommodation.

2. Specifically, Ms. Shattuck is transplant recipient who, because of anti-rejection medication she takes, suffers from a significantly compromised immune system. As a result, she is particularly susceptible to a life-threatening infection from the COVID-19 virus. Supported by a letter from one of her physicians, Ms. Shattuck requested that Defendant permit her to teach remotely, which Defendant permitted her to do last year

because of her disability. This year, however, Defendant rejected her accommodation request. Alternatively, Ms. Shattuck requested a series of accommodations that would enable her to safely work in the school environment, including requiring the students and staff in her presence to wear masks. Defendant agreed to some of the more negligible precautions, but it refused to provide the most consequential of them: requiring students and staff to wear masks in her presence. Defendant has since instructed Ms. Shattuck that it will require her to take a leave of absence, presumably without pay.

3. Ms. Shattuck seeks relief for the aforementioned acts and/or omissions in the form of a temporary restraining order and a preliminary injunction ordering Defendant to provide her with the requested and medically-supported reasonable accommodations that will provide for her safety. She also seeks payment of her attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

5. Venue with this Court is appropriate because the acts complained of herein occurred within the Southern District of Ohio.

## III. ADMINISTRATIVE HISTORY

6. Ms. Shattuck filed a charge of discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission on August 16, 2021. That charge remains pending.

## IV. PARTIES

7. Plaintiff Kelly Shattuck is a United States citizen and a resident of Delhi Township, Ohio. Ms. Shattuck has worked at Oak Hills High School as a math teacher for 16 years.

Ms. Shattuck suffers from a disability as that term is defined by the Rehabilitation Act and the Americans with Disabilities Act.

8. Defendant Oak Hills Local School District ("Oak Hills") is a public school district located in Hamilton County, Ohio. It operates Oak Hills High School, where it employs Ms. Shattuck. Oak Hills receives federal funding and is a "program or activity" as that term is defined by 29 U.S.C. § 794(b)(2)(B). Oak Hills is also an employer as that term is defined by 42 U.S.C. § 12111(5).

## V. STATEMENT OF THE CASE

<u>Ms. Shattuck's Employment And Disability</u>

9. Oak Hills has employed Ms. Shattuck as a math teacher at Oak Hills High School for 16 years. The 2021-2022 school year will be her seventeenth.

10. This year, she is scheduled to teach six periods of geometry, algebra, and trigonometry to junior and senior students.

11. Ms. Shattuck suffers from Sjogren's syndrome, an autoimmune disease that substantially limits the normal operation of the immune system and the genitourinary system. Additionally, in 2011, Ms. Shattuck underwent a kidney transplant as a result of damage caused by the Sjogren's syndrome. The kidney transplant substantially limits the normal operation of the immune system and genitourinary system. Specifically, Ms. Shattuck takes several immunosuppressant medications to prevent her body from rejecting her transplanted kidney. These medications include mycophenolic acid and tacrolimus, which are required to sustain her life.

12. As a result of Ms. Shattuck's anti-rejection medication, she is particularly susceptible to infection, and her body's ability to fight infection is substantially limited.

13. Ms. Shattuck's treating physicians have concluded that she cannot safely work as a teacher without substantial precautions to protect her from contracting COVID-19.

<u>Oak Hills Accommodated Ms. Shattuck During the 2020-2021 School Year</u>

14. At the beginning of the 2020 school year, Ms. Shattuck's nephrologist, Joe Austin, M.D., wrote a letter stating that Oak Hills should permit Ms. Shattuck to teach remotely, away from the high school campus. See Exhibit A, attached.

15. Ms. Shattuck provided that letter to Oak Hills.

16. Oak Hills agreed to accommodate Ms. Shattuck by permitting her to teach remotely.

17. Ms. Shattuck's students still attended school and sat in her classroom. Ms. Shattuck attended class remotely, using live videoconferencing technology provided by Oak Hills. She could see the students, and the students could see her and a digital white board on which she could demonstrate math problems. She also taught students in Oak Hills's virtual academy, which it created for students who chose to attend school in person.

18. Oak Hills arranged for a proctor to sit in the room to monitor the students while she taught.

19. During the 2020 school year, Ms. Shattuck encountered no significant problems with student behavior or ability to learn.

20. During and after the 2020 school year, Ms. Shattuck regularly received congratulations from school administration regarding her remote teaching performance.

21. For school year 2020-2021, Ms. Shattuck received the highest possible rating on her annual performance review.

<u>For The 2021-2022 School Year, Oak Hills Refused To Allow Ms. Shattuck To Work Remotely And Refused Other Reasonable Accommodations She Proposed</u>

22. As the beginning of the 2021-2022 school year approached, Ms. Shattuck asked Assistant Principal Dan Boles about COVID-19 protocols for the upcoming school year.

23. Mr. Boles told Ms. Shattuck that he did not have any answers for her at that time.

24. On August 2, 2021, the school board met to consider the measures the district would take as a result of the ongoing COVID-19 pandemic. Ultimately, the school board voted 5-0 to recommend, but not require, that students wear masks at the schools within the district, including Oak Hills High School.

25. On August 9, 2021, Mr. Boles contacted Ms. Shattuck and told her that Oak Hills would not permit her to teach remotely, as she had done the prior year, and told her that Oak Hills would not permit her to require students to wear masks in her classroom.

26. On August 11, 2021, Ms. Shattuck sent a letter from her primary care physician, Stephen Winhusen, M.D., to Mr. Boles stating that he strongly recommends that Ms. Shattuck work remotely. See Exhibit B, attached. He also added that, if Oak Hills would not permit Ms. Shattuck to work remotely, several accommodations would be necessary:

    a. Students who Kelly comes in contact with must be masked in her presence;

    b. Kelly needs to be masked and wear a face shield;

    c. Kelly should teach in an air-conditioned room with appropriate ventilation and windows that can be opened when A/C is not working properly;

    d. Students must remain 6 feet away from Kelly;

    e. Plexiglass barriers should separate Kelly from students; and

    f. Masks are required for all participants in meeting [sic] Kelly addends [sic].

27. Later that day, Mr. Boles called Ms. Shattuck and told her that that Oak Hills would not permit her to work remotely, despite her physician's recommendation.

28. Specifically, he said that allowing her to work from home would be a "slippery slope" because if Oak Hills allowed Ms. Shattuck to work from home, other employees would demand to work from home as well.

29. Mr. Boles admitted during the conversation that everyone thought Ms. Shattuck did a "superlative" job working remotely during the 2020 school year.

30. Mr. Boles then stated that he believed Oak Hills would agree to provide a plexiglass barrier, would allow Ms. Shattuck to wear a mask and face shield, would allow for six feet of distancing, and would ensure that she was in a classroom with air conditioning and ventilation.

31. Mr. Boles said that Oak Hills would request that other staff wear masks around her, but that it would not mandate it.

32. Finally, Mr. Boles also said that Oak Hills would not require students to wear masks.

33. During the 2020 school year, Oak Hills required all students at Oak Hills High School to wear masks while in the building.

34. Ms. Shattuck did not experience any problems or concerns resulting from the district's mandate that the students in the building remain masked at all times. She also did not learn of any significant problems regarding students wearing masks from other staff or administrators.

35. On August 13, 2021, Dan Beckenhaupt, the HR Director for Oak Hills, called Ms. Shattuck regarding her accommodation requests. Mr. Beckenhaupt informed Ms. Shattuck that she would not be permitted to work from home because Oak Hills would

have to hire another person to be in the classroom with the students while she was teaching remotely.

36. Mr. Beckenhaupt also told Ms. Shattuck that Oak Hills would not require students to wear masks in her classroom.

37. Finally, Mr. Beckenhaupt told Ms. Shattuck that she would be required to take a leave of absence because Oak Hills was not going to accommodate her.

38. Mr. Beckehaupt did not offer to pay Ms. Shattuck during her leave of absence or to maintain her health insurance.

39. The 2021-2022 school year starts Monday, August 16, 2021. Students report on Thursday, August 19, 2021.

40. As a result of Oak Hills denying her requested accommodations and forcing her to take a leave of absence, without pay and benefits, Ms. Shattuck will suffer tremendous harm not capable of being remedied with an award of monetary damages. Specifically, Ms. Shattuck will suffer the following harm:

    a. Ms. Shattuck will lose her health insurance and will be unable to afford the numerous, expensive medications she takes to prevent her body from rejecting her transplanted kidney and to treat her Sjogren's syndrome, which have a retail cost in excess of $2,000 per month. Her family also receives health insurance through her employment and they will also be unable to afford the cost of healthcare and necessary medications. Specifically, Ms. Shattuck's husband suffers from Type-2 Diabetes, which he controls with medication that costs in excess of $1,000 per month.

    b. Ms. Shattuck will be unable to pay the tuition for her children's education at St. Ursula High School and St. Dominic School, which will require her to

7

    unenroll her children from those schools. The children would suffer tremendous consequences from changing schools suddenly, which could have profound effects on the remainder of their educational careers.

c. Ms. Shattuck will be unable to make the mortgage payments on her family's home, which they rely upon as a safe place to live.

d. Ms. Shattuck will be unable to pay for other costs of daily living, including vehicle maintenance and car insurance, which she relies upon to attend medical appointments, to take her children to school, and to obtain basic necessities.

e. As her family's primary earner, she will be unable to provide the basic necessities her family needs to survive and thrive.

f. Ms. Shattuck would suffer tremendous emotional distress because she would be the cause of her family losing health coverage, having to change schools, and having to go without basic necessities.

## VI. STATEMENT OF THE CLAIM

### Count 1: Failure to Accommodate
### 29 U.S.C. § 794 and 42 U.S.C. § 12112

41. Ms. Shattuck incorporates paragraphs 1 through 40 as if fully rewritten herein.

42. Oak Hills is an employer as defined by the Americans with Disabilities Act and it is a program or activity subject to the requirements of the Rehabilitation Act.

43. Ms. Shattuck suffers from several physical impairments that substantially limit the normal operation of her immune system and her genitourinary system.

44. Ms. Shattuck is otherwise qualified to work at Oak Hills with a reasonable accommodation.

8

45. Oak Hills is aware of Ms. Shattuck's disability and has previously accommodated it without question.

46. Ms. Shattuck asked Oak Hills to permit her to work remotely, or, in the alternative, to provide her with certain accommodations that would make the school environment safe for her, including students and other staff wearing masks in her presence.

47. The accommodations Ms. Shattuck requested are reasonable.

    a. Oak Hills permitted to work remotely during the 2020 school year and administration admitted that she did a "superlative" job working with the accommodation;

    b. Oak Hills required all students and staff to wear masks in 2020, and requiring students and staff to wear masks in Ms. Shattuck's presence is therefore reasonable; and

    c. Several school districts in the Cincinnati area, including Cincinnati Public Schools, are requiring all students and staff to wear masks in schools for the 2021-2022 school year.

48. Oak Hills failed to provide the requested accommodations, and it failed to provide a reasonable, alternative accommodation that would allow Ms. Shattuck to perform the essential functions of her position safely.

49. Oak Hills would not suffer an undue hardship by providing Ms. Shattuck one of the requested reasonable accommodations.

50. Oak Hills's failure to provide Ms. Shattuck with a reasonable accommodation will cause her harm that cannot be remedied with monetary damages, as set forth above.

51. Ms. Shattuck has not, to date suffered any compensatory damages. If she does suffer economic or non-economic compensatory damages in the future, she will seek leave to amend her complaint to allege such damages.

## PRAYER FOR RELIEF

Wherefore, Ms. Shattuck demands judgment against Oak Hills Local School District as follows:

1. A temporary restraining order and preliminary injunction ordering Oak Hills to provide Ms. Shattuck with a reasonable accommodation that will permit her to perform the essential functions of her position safely;

2. For an award of her attorney fees and costs in prosecuting this matter; and

3. For an award of any other relief in law or equity to which Ms. Shattuck is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler
Marc D. Mezibov
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
mmezibov@mezibov.com

*Attorneys for Plaintiff Kelly Shattuck*

## **VERIFICATION**

I declare, under the penalty of perjury, that the facts set forth in the foregoing complaint are true and accurate to the best of my knowledge.

8/16/2021
Date

Kelly Shattuck